UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Case No. 24-CR-481 (ACR) |
| : | |
| CATHOLINE DEVRIES, : | |
| : | |
| Defendant. : | |

### MOTION TO SET AN ARRAIGNMENT AND STATUS HEARING DATE AND TOLL TIME UNDER THE SPEEDY TRIAL ACT

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, moves this Court to set a date for an arraignment and status hearing and to toll time under the Speedy Trial Act.

**Relevant Procedural History**

On July 1, 2024, the Court issued an arrest warrant based on a then sealed complaint filed by the government alleging violations of 18 U.S.C. § 1752(a)(1) (Entering or Remaining in a Restricted Building or Grounds), 18 U.S.C. § 1752(a)(2) (Disorderly and Disruptive Conduct in a Restricted Building or Grounds), 40 U.S.C. § 5104(e)(2)(C) (Entering and Remaining in Certain Rooms in the Capitol Building), 40 U.S.C. § 5104(e)(2)(D) (Disorderly Conduct in a Capitol Building), and 40 U.S.C. § 5104(e)(2)(G) (Parading, Demonstrating, or Picketing in a Capitol Building) against Catholine DeVries (the "Defendant") in this matter, then under case number 24-MJ-212 (MAU). ECF 1. On July 30, 2024, the Defendant was arrested in connection with this case and appeared in front of Magistrate Judge Faruqui. *See* ECF 5, Min. Entry July 30, 2024. At that appearance, Magistrate Judge Faruqui granted the government's request to exclude time under the Speedy Trial Act until September 26, 2024. Min. Entry July 20, 2024. Then Magistrate Judge Upadhyaya granted the parties' consent motion to continue the preliminary hearing and exclude

1

time from September 26 until October 25, 2024. Min. Order Sept. 19, 2024. On October 24, 2024, the government filed an information charging the Defendant with the same violations listed in the initial complaint. ECF 15.

### Argument

While the parties anticipated a plea at the time the information was filed in this case, plea negotiations have since broken down. The parties agree that the court should set an arraignment and status hearing, and to toll time pursuant to the Speedy Trial Act until that hearing. However, the parties disagree about when that hearing should occur. The defendant wishes to delay that hearing until late January/early February. The government requests a date in the near future, the week of either December 9 or December 16, if the Court is available.

In the interim, the parties move for the exclusion of time under the Speedy Trial Act between the filing of this motion and the arraignment and status hearing date. The Speedy Trial Act requires that:

> [i]n any case in which a plea of not guilty is entered, the trial of a defendant charged in an . . . indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs.

18 U.S.C. § 3161(c)(1).

The Speedy Trial Act further provides that certain periods of delay shall be excluded from computation of the 70-day deadline. 18 U.S.C. § 3161(h). Among other exclusions, time may be excluded from computation if a judge grants a continuance on the basis of a judge's findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial. 18 U.S.C. § 3161(h)(7)(A); *see United States v. Bryant*, 523 F.3d 349, 360 (D.C. Cir. 2008). The Speedy Trial Act "specifies that the trial judge must set forth, in the

record of the case, either orally or in writing, its reasons for finding that the ends of justice are best served by the continuance." *Bryant*, 523 F.3d at 360 (quotation marks removed). Various factors are listed for trial judges to take into account in making the ends-of-justice determination. 18 U.S.C. §§ 3161(h)(7)(B)(i)-(iv). Most relevant here, the statute specifically provides that, in deciding whether to exclude time under the ends-of-justice provision, district judges consider whether declining to do so "would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." *Id.* at § 3161(h)(7)(B)(iv).

  Here, given the breakdown of plea negotiations, the parties need time to adequately prepare for and schedule trial in this matter, including considering what, if any, pre-trial motions should be filed. Therefore, the ends of justice outweigh the best interest of the public and the defendant in a speedy trial under 18 U.S.C. § 3161.

**Conclusion**

For the foregoing reasons, the government asks this Court to set an arraignment and status hearing in short order, to exclude time under the Speedy Trial Act until that hearing, and for any other relief this Court deems just and proper.

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar Number 481052

By:  */s/ Mindy Deranek*
MINDY DERANEK
Washington State Bar No. 43085
United States Attorney's Office
    for the District of Columbia
601 D Street N.W.
Washington, D.C. 20530
(202) 252-7776
Mindy.Deranek@usdoj.gov